UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATANYA BRIGGS,<br><br>     Plaintiff,<br><br>v.<br><br>PROG LEASING, LLC d/b/a<br>PROGRESSIVE LEASING, LLC,<br><br>     Defendant. | CIVIL COMPLAINT   1:16-cv-09362<br><br>CASE NO.<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes LATANYA BRIGGS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of PROG LEASING, LLC d/b/a PROGRESSIVE LEASING, LLC ("Defendant") as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful collection practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 42 year old natural person residing at 538 Pennsylvania Avenue, Apartment 3, Aurora, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is Delaware limited liability corporation with its headquarters located at 256 W. Data Drive, Draper, Utah. Defendant is in the business of providing financing for consumers throughout the country, including Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately 2014, Plaintiff used the services of Defendant to finance the purchase of various goods. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. Plaintiff made regular installment payments to Defendant through means of automatic withdrawals from her checking account. *See* Exhibit A.

11. After paying Defendant over a period of time, Plaintiff defaulted on her obligation when she lost her employment. *Id.*

12. Throughout 2015 and continuing through the filing of the instant action, Plaintiff has received automated collection calls from Defendant to her cellular phone, (773) XXX-8047. *Id.*

13. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 8047. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Progressive has used a variety of phone numbers to place calls to Plaintiff's cellular phone including: (302) 257-3472, (234) 208-4572, (734) 352-3671, (541) 603-7860, (701) 989-7921, (734) 352-3671, (972) 232-6532 and (218) 491-6777. *Id.*

15. Upon information and belief, the above are phone numbers regularly utilized by Defendant during its consumer collection actions.

16. Defendant has placed phone calls to Plaintiff for the purpose of debt collection.

17. During calls from Defendant that Plaintiff has answered, she has experienced a several second pause before a live representative begins to speak. *Id.*

18. During calls from Defendant that Plaintiff has not answered, it has left prerecorded voice messages on Plaintiff's cellular phone. *Id.*

19. On multiple occasions, Plaintiff has advised Defendant of her lack of employment and inability to pay. *Id.*

20. Defendant has responded to Plaintiff by representing that it could send someone to her house to retrieve the goods that she financed through it. *Id.*

21. Defendant has derogatorily questioned Plaintiff's lack of employment. *Id.*

22. Plaintiff has specifically requested that Defendant cease contacting her. *Id.*

23. Defendant regularly calls Plaintiff multiple times during the same day. For reference, on October 6, 2015, Defendant called Plaintiff eight times within a less than two hour window and 13 times in total. *Id.*

24. Plaintiff has advised Defendant that it was calling her too frequently. *Id.*

25. Recently, Plaintiff spoke with a representative of Defendant who acknowledged that she was being called through means of an automated system. *Id.*

26. Plaintiff has received not less than 50 calls from Defendant. *Id.*

27. In response to Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

28. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

29. In order to stop Defendant's conduct, Plaintiff purchased an application on her cellular phone to block the calls. *Id.*

30. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's conduct, including the loss of cellular phone capacity.

31. Plaintiff has suffered financial loss as a result of Defendant's conduct.

32. Plaintiff has suffered concrete harm as a result of Defendant's conduct.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

4

35. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Defendant left prerecorded voice messages on Plaintiff's cellular phone. Defendant used a variety of phone numbers with various area codes in contacting Plaintiff. The frequency and nature of Defendant's calls strongly suggests that an ATDS was used. Plaintiff received almost daily calls from Defendant within the same window of time.

36. In an effort to increase its likelihood of success in contacting Plaintiff, Defendant used a predictive dialing ATDS. Defendant used an ATDS with the hopes that frequent and systematic calls would prompt Plaintiff to pay.

37. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant was explicitly revoked through her demands to cease calling.

38. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LATANYA BRIGGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

42. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

43. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

44. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it did not have permission to do so. Plaintiff specifically demanded that Defendant stop calling her. Defendant ignored Plaintiff's prompts and continued to call her on a regular basis. The frequency in which Defendant called Plaintiff, as many as 13 times during the same day, was meant to systematically harass her into making payment.

45. Defendant also engaged in unfair, harassing and deceptive conduct through its statements to Plaintiff. Defendant represented that it could send someone to Plaintiff's home in order to retrieve her personal belongings. Additionally, after being told by Plaintiff that she was not working, Defendant mockingly questioned the sincerity of Plaintiff's situation. The above conduct was part of a systematic campaign to coerce payment.

46. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

47. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

48. As pled in paragraphs 27 through 32, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant knowingly engaged in deceptive behavior and made false and deceptive statements to Plaintiff. Defendant's actions are against public policy and it should be penalized accordingly.

WHEREFORE, Plaintiff, LATANYA BRIGGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

    d.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 29, 2016                  Respectfully submitted,

                                                s/ Nathan C. Volheim
                                                Nathan C. Volheim, Esq. #6302103
                                                Counsel for Plaintiff
                                                Admitted in the Northern District of Illinois
                                                Sulaiman Law Group, Ltd.
                                                900 Jorie Boulevard, Suite 150
                                                Oak Brook, Illinois 60523
                                                (630) 575-8181 x113 (phone)
                                                (630) 575-8188 (fax)
                                                nvolheim@sulaimanlaw.com